# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 599 | **DATE** | 2/11/2013 |
| **CASE TITLE** | Mwenda Murithi (M-04215) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The Court assesses an initial partial filing fee of $6.50 and authorizes the trust fund officer at Plaintiff's place of confinement to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at Stateville Correctional Center. Plaintiff may proceed with his complaint against Warden Marcus Hardy and James Louch, and the clerk shall issues summonses for service of the complaint on the Defendants through the U.S. Marshal. The clerk shall also send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, Mwenda Murithi, an inmate incarcerated at the Stateville Correctional Center (M-04215), brings this action pursuant to 42 U.S.C. § 1983 against Stateville Warden Marcus Hardy and James Louch (the head of maintenance for the prison). Plaintiff alleges that he has endured the following adverse prison conditions: unclean cells with insufficient access to adequate cleaning supplies; peeling lead-based paint throughout the prison exposing black mold in certain areas; cell vents that are covered either with steel plates or layers of dust, thus creating poor air circulation; lengthy exposure to infestations of birds, mice, roaches, spiders, gnats, and moths; water contaminated with carcinogens; and lights outside his cell kept on high 24 hours a day, preventing sleep. Plaintiff states that Louch, who allegedly is responsible for the upkeep of Plaintiff's living quarters, and Hardy, through grievances and inspections, are both aware of the conditions but have refused to resolve them.

Plaintiff seeks to proceed *in forma pauperis*. His application indicates that he cannot prepay the $350 filing fee. The Court grants the motion to proceed *in forma pauperis* and assesses an initial filing fee of $6.50. The inmate trust accounts officer at Plaintiff's place of confinement is authorized to deduct this amount from Plaintiff's trust fund account, when funds are available, and to forward this amount as an initial payment of the filing fee. Thereafter, the trust fund officer shall make monthly deductions from Plaintiff's trust fund account equal to 20% of the preceding month's income credited to the account. Monthly deductions shall be forwarded as payments to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain responsible for the filing fee obligation, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

This Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The allegations stated above state colorable claims against he Defendants with respect to Plaintiff's claims that: His cell was unsanitary and he was provided inadequate cleaning supplies, see *Jamison–Bey v. Thieret*, 867 F.2d 1046,

**STATEMENT**

1047–49 (7th Cir. 1989); he endured a pest infestation over a significant period of time, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); he was exposed to bright lights 24 hours a day outside his cell, *Golden v. Berge*, No. 03 C 0403, 2003 WL 23221483 at *4 (W.D.Wis. Sept.25, 2003) (Crabb, J.); there was inadequate ventilation due to vents being covered with either plates or dust, *see Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) and *Board v. Farnham*, 394 F.3d 469, 487 (7th Cir. 2005); and he was exposed to black mold, *see Mejia v. McCann*, No. 08 C 4534, 2010 WL 5149273, *7(N.D. Ill. 2010) (Conlon, J.) (claim of exposure to black mold was dismissed upon noting the lack of a health risk at the summary judgment stage).

Plaintiff may also proceed at this time with his claim of being exposed to contaminated water with radium or other contaminants. Although courts have rejected similar water-contamination claims, they have done so at the summary judgment stage based upon evidence demonstrating that the prison's water either was not contaminated above the state's limit or was no different than the condition exposed to the non-prisoner general public in the same vicinity as the prison. *Truidalle v. Taylor*, No. 11 C 1170, 2011 WL 6780690, *4 (N.D. Ill. Dec 23, 2011) (Lefkow, J.) (noting that, although the Seventh Circuit has rejected a radium-contaminated water claim in *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001), it did so after summary judgment and the existence of evidence that Stateville's water was no more contaminated than the general public's in the same area);; *see also Jones v. Hardy*, No. 11 C 699, 2012 WL 1133797, *3 (N.D. Ill. Apr. 4, 2012) (Gottschall, J.) (contaminated-water claim allowed to proceed at the initial stages of the case).

Summonses shall issue for service of the complaint on the Defendants, who are directed to respond to the above listed claims.

Plaintiff's claim of exposure to lead paint, however, is dismissed. *See Mejia v. McCann,* No. 08 C 4534, 2010 WL 5149273, *8 (N.D. Ill. Dec. 10, 2010) (Conlon, J.) (noting that "the judges of this court have repeatedly held that claims of lead paint undercoats on prison walls are not the kind of deprivation of basic human needs redressable under the Eighth Amendment), citing *Walker v. Dart*, No. 09 C 1752, 2010 WL 669448, *3 (N.D. Ill. Feb.19, 2010) (Andersen. J.); *Jones v. Mitchell*, No. 93 C 405, 1994 WL, 517202, *3-4 (N.D. Ill. Sep.20, 1994) (Moran, J.); *Foster v. Cooper*, No. 92 C 6159, 1994 WL 110180, *9 (N.D. Ill. Mar.28, 1994) (Marovich, J.).

The clerk shall issue summonses for service of the complaint through the U.S. Marshal on Defendants Stateville Warden Marcus Hardy and Stateville's head of maintenance James Louch. Any forms necessary for Plaintiff to complete for the Marshal to accomplish service, shall be forwarded to Plaintiff by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employees, officials at the Cook County Jail shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt to serve the Defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of the Court in care of the Prisoner Correspondent. In addition, he must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for the Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.